UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

**v.**  CRIMINAL ACTION NO. 2:09-00091-02

**TONI A. BROWN**

### PROBATION REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On August 29, 2011, the United States of America appeared by Erik S. Goes, Assistant United States Attorney, and the defendant, Toni A. Brown, appeared in person and by her counsel, Christian M. Capece, Assistant Federal Public Defender, for a hearing on the petition on probation and amendment thereto submitted by United States Probation Officer Troy A. Lanham, the defendant having commenced a three-year term of probation in this action on November 19, 2009, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on December 1, 2009.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) that the defendant failed to complete a twenty-eight day inpatient drug detoxification program as directed by the court inasmuch as she entered the program on April 13, 2011, and was terminated from the program on April 18, 2011, for receiving and using Ativan and Flexeril; (2) that the defendant used and possessed controlled substances as evidenced by a positive urine specimen submitted on October 27, 2010, for hydrocodone; February 14, 2011 for morphine, hydrocodone, hydromorphone and cocaine; June 16, 2011, for morphine; on June 21, 2011, for marijuana; on July 5, 2011, for cocaine; and on July 18, 2011, for morphine; (3) that the defendant failed to report for urine screens on January 14; February 10, 15, 23, 28; March 10, 18, 23, 29; April 9, 12, 14, 27; May 5 and 9; and July 14, 2011; (4) that the defendant failed to make monthly restitution payments as directed by the court in that, at the time of the filing of the petition, the defendant had paid only $515 toward the original balance of $3,262; however, the court notes that the defendant made an additional $535 payment on August 11, 2011; and (5) that the defendant

2

failed to enter and comply with the intensive outpatient treatment program at Renaissance as directed by the probation officer; all as admitted by the defendant on the record of the hearing and as set forth in the petition on probation.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of probation and, further, that it would unduly depreciate the seriousness of the violations if probation were not revoked, it is ORDERED that the probation term previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, on the basis of the original offense, the intervening conduct of the defendant and after considering the factors set forth in 18 U.S.C. § 3553(a), that the defendant is in need of correctional treatment which can most effectively be provided if she is confined, it is accordingly ORDERED that the defendant be, and she hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TIME SERVED as of this date, to be followed by a term of three (3) years of supervised release upon the standard conditions of

supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special condition that she spend six (6) months in a community confinement center, preferably Transitions, Inc., and participate in drug abuse counseling and treatment and mental health treatment as may be directed by Transitions and/or the probation officer. The defendant shall report directly from her place of incarceration to Transitions, Inc. Once the six-month term at Transitions has been completed, the defendant shall resume making restitution payments at the rate of $50 per month.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: September 6, 2011

John T. Copenhaver, Jr.
United States District Judge